**NOT FOR PUBLICATION**

**FILED**

JUN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO RAMIREZ-GASPAR,<br><br>         Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>         Respondent. | No.   20-73381<br><br>Agency No. A216-268-926<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2026[**]
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Pedro Ramirez-Gaspar, a native and citizen of Guatemala, petitions for

review of a Board of Immigration Appeals' ("BIA") decision dismissing his appeal

of an Immigration Judge's ("IJ") order denying his applications for withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review *de novo* questions of law. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review for substantial evidence the IJ's factual findings, including the agency's ultimate determinations on applications for withholding of removal and CAT protection. *Hussain v. Rosen*, 985 F.3d 634, 641-42 (9th Cir. 2021). We deny the petition for review.

1. *Withholding of Removal.* Substantial evidence supports the BIA's denial of Ramirez-Gaspar's application for withholding of removal. The record does not compel the conclusion that Ramirez-Gaspar suffered past persecution. No one physically harmed Ramirez-Gaspar or his family in Guatemala. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm."). Ramirez-Gaspar's only allegation of past harm was four threatening phone calls, which occurred in December 2013. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (holding that threats over the course of two days by phone and in person, without acts of violence, did not compel finding past persecution). Contrary to his arguments on appeal, the record does not compel the conclusion that these phone calls caused sufficient psychological harm to amount to persecution. *See Hussain*, 985 F.3d at 646 n.7. Ramirez-Gaspar is thus not entitled to a presumption of a clear probability of future persecution. 8 C.F.R. § 1208.16(b)(1)-(2); *Sharma*, 9 F.4th at 1060.

2

Ramirez-Gaspar also did not independently establish that he faces a clear probability of future persecution. Ramirez-Gaspar forfeited any challenge to the agency's dispositive nexus determination. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of his . . . withholding of removal claim[].");* Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (holding that issues which are not specifically raised and argued in a party's opening brief are waived). Thus, his claim for withholding of removal fails.

2. *CAT Protection.* Substantial evidence supports the BIA's denial of Ramirez-Gaspar's CAT claim. Ramirez-Gaspar was not tortured in the past. *See* 8 C.F.R. § 1208.18(a)(1) (defining torture). Ramirez-Gaspar's daughters have remained safe in Guatemala. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1201 (9th Cir. 2023) (noting family's ability to remain safely in Nicaragua in denying petition for review of CAT claim). The only evidence of any continued interest in him was a phone call to his daughter in 2016, during which no threats were made. *See Duran-Rodriguez*, 918 F.3d at 1029-30 (denying CAT claim where petitioner was not tortured in the past, received only threats, and no evidence showed a continued interest in him). Ramirez-Gaspar's opening brief points to no evidence or facts that would compel a conclusion different from that of the BIA.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] Ramirez-Gaspar's motion for a stay of removal (Dkt. No. 1) is **DENIED AS MOOT.**